UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
ABDUL MOQEM MOHAMMADI,                                                  :
                                                                        :
                                   Petitioner,                          :     25-CV-10016 (JMF)
                                                                        :
                -v-                                                     :     STAY OF REMOVAL
                                                                        :     AND NOTICE OF
LADEON FRANCIS et al.,                                                  :     CONFERENCE
                                                                        :     (IMMIGRATION CASES)
                                   Respondents.                         :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Petitioner has filed a Petition for the writ of habeas corpus under 28 U.S.C. § 2241. Per the text-only Order that the Court entered earlier this morning, counsel for all parties shall appear for a conference with the Court **TODAY, December 5, 2025 at 1:00 p.m.** The conference will be held remotely by telephone in accordance with Rule 3(B) of the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman. The parties should join the conference by calling the Court's dedicated conference line at (855) 244-8681 and using access code 2303 019 3884, followed by the pound (#) key. When prompted for an attendee ID number, press the pound (#) key again.

      To preserve the Court's jurisdiction pending a ruling on the Petition, Petitioner shall not be removed from the United States absent further order of this Court. *See, e.g.*, *Khalil v. Joyce*, No. 25-CV-01935 (JMF), 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (citing cases); *see also, e.g.*, *Du v. United States Dep't of Homeland Sec.*, No. 25-CV-644 (OAW), 2025 WL 1317944, at *1 (D. Conn. Apr. 24, 2025) ("[A] a federal court may temporarily enjoin immigration authorities from deporting individuals if it preserves the court's jurisdiction over a case or cases."). Moreover, to preserve counsel's access to Petitioner and to facilitate resolution of the Petition, Respondents shall not transfer Petitioner except to a facility within this District, the Eastern District of New York, or the District of New Jersey absent further order of this Court. *See, e.g.*, *Perez y Perez v. Noem*, No. 25-CV-4828 (DEH), 2025 WL 1908284, at *2-3 (S.D.N.Y. June 13, 2025) (enjoining a habeas petitioner's transfer pending adjudication of his petition); *see also, e.g.*, *Arostegui-Maldonado v. Baltazar*, No. 25-CV-2205-WJM-STV, 2025 WL 2280357, at *14-16 (D. Colo. Aug. 8, 2025) (same); *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *8-9, *11 (N.D. Cal. Sept. 18, 2025) (same).

      Counsel should confer in advance of the conference. At the conference, Respondents shall be prepared to address (1) whether Petitioner was, as the Petition alleges, *see* ECF No. 1, ¶ 15, located in the Southern District of New York at the time that the Petition was filed; and (2) whether there is any basis to distinguish this case from the Court's recent immigration

decisions, including *Guzman Cardenas v. Almodovar*, No. 25-CV-9169 (JMF), 2025 WL 3215573 (S.D.N.Y. Nov. 18, 2025) and *Khabazha v. U.S. Imm. And Customs Enforcement*, No. 25-CV-5279 (JMF), 2025 WL 3281514, at *1 (S.D.N.Y. Nov. 25, 2025), and, if not, whether Respondents would consent to issuance of the writ — subject to preservation of Respondents' arguments for appeal.[1]

SO ORDERED.

Dated: December 5, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1]   If Respondents believe that Petitioner was *not* in the Southern District of New York at the time the Petition was filed, the parties should confer and be prepared to address whether the Court should order immediate transfer to the District in which Petitioner was located at the time of filing. *See, e.g., Öztürk v. Hyde*, 136 F.4th 382, 391-92 (2d Cir. 2025); *Khalil v. Joyce*, 771 F. Supp. 3d 268 (S.D.N.Y. 2025).